UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

                Plaintiff,

    v.                                               Case No. 18-CR-24

BRAULIO RODRIGUEZ,

                Defendant.

---

## OPPOSITION TO MOTION FOR SENTENCE REDUCTION

---

Now comes the United States of America, by the undersigned attorneys, and respectfully asks that the Court deny defendant Braulio Rodriguez's ("Rodriguez") motion for compassionate release (Dkt. 79) for the reasons set forth below.

## INTRODUCTION

Rodriguez is serving a 108-month federal prison sentence stemming from a robbery spree in 2018. An indictment charged Rodriguez with seven counts of armed robberies and seven counts of using a firearm during a crime of violence. Rodriguez pled guilty to the seven armed robbery counts and one count of using a firearm during a crime of violence, which carried a mandatory minimum sentence of 84 months. On January 7, 2019, this Court sentenced him to 24 months, concurrent, on the robbery counts, to be followed by 84 months' imprisonment for the using a firearm during a crime of violence count.

Rodriguez is serving his sentence at FCI-Gilmer, a federal prison located in West Virginia and has a projected release date of September 25, 2025. Rodriguez does not claim that he should be released early because he is at elevated risk of severe illness from COVID. Rather, he has

moved for compassionate release under 18 U.S.C. § 3582(c)(1)(A), citing family circumstances and specifically the need, as of December 28, 2020, to be with family members infected with COVID and to assist with his brother who was hospitalized due to his COVID infection. The government has no further information regarding the current health status of any of Rodriguez's family members.

## BACKGROUND

### A. Legal Framework for Compassionate Release Motions

Under Section 3582(c)(1)(A), this Court may, in certain circumstances, grant a defendant's motion to reduce his term of imprisonment. Before filing a so-called "compassionate release" motion, however, the defendant must first request that the BOP file such a motion on his behalf. 18 U.S.C. § 3582(c)(1)(A). A court may grant the defendant's own motion for a reduction in his sentence only if the motion was filed "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or after 30 days have passed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.*

If that exhaustion requirement is satisfied, a court may reduce the defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C. § 3553(a)]" if the Court finds, as relevant here, that (i) "extraordinary and compelling reasons warrant such a reduction" and (ii) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). As the movant, the defendant bears the burden of establishing that he is eligible for a sentence reduction. *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016); *United States v. Green*, 764 F.3d 1352, 1356 (11th Cir. 2014).

The Sentencing Commission issued a policy statement addressing reduction of sentences under § 3582(c)(1)(A), but it did so before passage of the First Step Act, which authorizes prisoners to seek compassionate release directly from a federal court (after exhausting administrative remedies). The Seventh Circuit therefore holds that U.S.S.G. § 1B1.13 is not "applicable" and not binding upon a court when determining whether an "extraordinary and compelling reason" exists that could justify release. *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020). Nevertheless, in so holding, the Seventh Circuit has clarified:

> we do not see the absence of an applicable policy statement as creating a sort of Wild West in court, with every district judge having an idiosyncratic release policy. The statute itself sets the standard: only "extraordinary and compelling reasons" justify the release of a prisoner who is outside the scope of §3582(c)(1)(A)(ii). The substantive aspects of the Sentencing Commission's analysis in §1B1.13 and its Application Notes provide a working definition of "extraordinary and compelling reasons"; a judge who strikes off on a different path risks an appellate holding that judicial discretion has been abused. In this way the Commission's analysis can guide discretion without being conclusive.

*Id.* (citation omitted). Put another way, a district judge's discretion in this context is not "limitless*.*" *United States v. Wentzel*, No. 12-CR-116, Slip. Op. at 6 n. 2. (E.D. Wis. Jan. 27, 2021).

## DISCUSSION

**I.     Rodriguez has failed to show that he exhausted his administrative remedies.**

As a threshold matter, it is not clear that Rodriguez has exhausted his administrative remedies by requesting compassionate release from his warden on the same basis articulated in the instant motion. The Seventh Circuit has recently underscored the exhaustion requirement in Section 3582(c)(1)(A). The requirement is not jurisdictional, but it is "a mandatory claim-processing rule and therefore *must* be enforced when properly invoked." *United States v. Sanford*, 986 F.3d 779, 782 (7th Cir. 2021). Further, the Court of Appeals has clarified that

3

Case 2:18-cr-00024-JPS   Filed 05/20/21   Page 3 of 7   Document 83

moving for compassionate release requires so-called "issue exhaustion." *United States v. Williams*, No. 20-2404, 2021 WL 486885, at *2 (7th Cir. Feb. 10, 2021). That is, the movant may not ask a federal district court to provide relief on a ground that was never raised as part of the administrative process. *Id.*

Here, we do not know what grounds, if any, were raised as part of the administrative process. Rodriguez has not provided a copy of his request or a sworn statement outlining what grounds he possibly articulated in favor of early release. It is Rodriguez's burden to establish the facts supporting exhaustion. *Williams*, *supra*. Respectfully, he has failed to do so, and the Court should decline to hear his motion on the merits until he can substantiate that he has exhausted his administrative remedies.

**II.     Absent details about his family members' current conditions, or evidence that he is the only available caregiver, Rodriguez's desire to help his family members does not rise to the level of an "extraordinary and compelling reason" for immediate release.**

Like many inmates in federal prison, the defendant would like to be home during the COVID pandemic to help provide emotional and practical support to a family member - in this case, several family members. The government has no reason to doubt the genuineness of Rodriguez's desire to assist ailing family members. That said, the government does not believe that Rodriguez has articulated and supported an "extraordinary" family circumstance that could justify his early release. Moreover, this request was made in December 2020, and there is no current information regarding the health conditions of Rodriguez's family members.

After *United States v. Gunn*, 980 F.3d 1078, 1080 (7th Cir. 2020), we know that Guideline Section 1B1.13, Application Note 1(C), is no longer binding. Nevertheless, the guideline commentary is meant to "guide" the exercise of discretion and, without question, that commentary defines "family circumstances" very narrowly. U.S.S.G. §1B1.13, App. Note C.

(Family Circumstances defined as: "(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children. (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.").

Some courts considering the question have held that a close family member's need for care is not - at least, not *automatically* - an "extraordinary" circumstance for purposes of the compassionate release statute. *United States v. Siberio-Rivera*, 2020 WL 7353367, at *1 (E.D. Pa. Dec. 15, 2020); *United States v. Gaskin*, 2020 WL 7263185, at *4 (E.D. Pa. Dec. 9, 2020); *United States v. Moore*, 2020 WL 7024245 (E.D. Pa. Nov. 30, 2020); *United States v. Ingram*, 2019 WL 3162305 (S.D. Ohio July 16, 2019); *United States v. Henry*, 2020 WL 3791849, at *4 (E.D.N.Y. July 6, 2020); *United States v. Ingram*, 2020 WL 3183698, at *2 (D. Md. June 15, 2020); *United States v. Crandle*, 2020 WL 2188865, at *4 (M.D. La. May 6, 2020); *United States v. Hunter*, 2020 WL 127711 (S.D. Ohio Jan. 9, 2020). As one judge recently observed:

> The hardship to [defendant's] family that may result [from his incarceration] is unfortunate, but not unusual. A crime often inflicts harm, not only on a direct victim, but on those in a defendant's circle of family and friends who depend on that defendant for all manner of support. Often, a defendant's family's needs can be met through other family members, neighbors, faith groups, community organizations and government agencies. Hopefully, the [defendant's] family can find a solution in those possibilities.

*United States v. Cole*, 2021 WL 194194 (E.D. Mich. Jan. 20, 2021).

The government notes that Rodriguez's claims about his family members, while they have the ring of truth, are nevertheless unsupported by any current information about these family members, or information from medical professionals. Thus, the Court cannot assess the current state of the family members' current health status, treatment plans, need for care, the availability of professional caregivers, etc. Likewise, it appears that there are other family

5

members in the picture who can provide at least some care for each other, and Rodriguez's brother was already receiving medical treatment in a hospital setting. Thus, even if the Court believes as a general matter that the statutory language "extraordinary and compelling" *could* encompass a scenario like this one, *United States v. Wooten*, 2020 WL 6119321, at *7 (D. Conn. Oct. 16, 2020), Rodriguez has not met his burden of proving that he is, in fact, needed as a caregiver for his family members.

**III.     The Section 3553(a) factors weigh against Rodriguez's release almost four years ahead of his projected release date.**

As outlined above, the Court must consider the relevant sentencing factors set forth in Section 3553(a) when assessing whether compassionate release is appropriate. These factors weigh against releasing Rodriguez now.

Rodriguez committed very serious crimes - multiple armed robberies fueled by a substantial heroin addiction – that put multiple citizens and police in significant danger. PSR ¶¶ 18 – 31. The aggravated nature of the underlying seven robberies and the sentence imposed by the Court was intended to promote respect for the law, provide just punishment, protect the public, deter criminal conduct, and aid in Rodriguez's rehabilitation. To accomplish these goals, Rodriguez needs to serve his entire sentence.

## CONCLUSION

Rodriguez has failed to show that he exhausted his administrative remedies and that his desire to care for his family members is an "extraordinary and compelling reason" for early release. Furthermore, he is a notably poor candidate for early release in view of the Section 3553(a) factors. Accordingly, the Court should deny his motion.

Dated this 20th day of May 2021.

           Respectfully submitted,

           RICHARD G. FROHLING
           Acting United States Attorney

           */s/ Christopher Ladwig*

           CHRISTOPHER LADWIG
           Assistant United States Attorney
           Office of the United States Attorney
           517 E. Wisconsin Avenue
           Milwaukee, WI 53202

7

Case 2:18-cr-00024-JPS   Filed 05/20/21   Page 7 of 7   Document 83