UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>v.<br><br>BRAULIO RODRIGUEZ,<br><br>                  Defendant. | Case No. 18-CR-24-2-JPS<br><br>**ORDER** |

**1.    BACKGROUND**

Defendant filed a motion to appoint counsel to file a request for compassionate release due to COVID-19. ECF No. 79. The Court referred the matter to Federal Defender Services, which declined to file a supplement on behalf of Defendant. ECF No. 81. The Court then ordered the Government to respond, ECF No. 82, which it did, ECF No. 83. Without further briefing on the matter, the Court finds that there is a sufficient record on which it may deny Defendant's motion.

**2.    FACTS**

Defendant is serving a one-hundred-and-eight-month federal sentence after pleading guilty to seven robbery charges and one gun charge in 2018. ECF No. 83 at 1. Defendant is currently detained at Federal Correctional Institution at Gilmer ("FCI-Gilmer") in West Virginia. His projected release date is in 2025.

In his motion, Defendant asks the Court to release him from prison because he has suffered from poor mental health during the COVID-19 pandemic, including anxiety, depression, panic attacks, and post-traumatic stress disorder, for which he has not been able to receive adequate

treatment. ECF No. 79 at 1. Additionally, Plaintiff's whole family contracted COVID-19 at the end of 2020—several of his relatives are at an elevated risk of severe outcomes, including his brother, who, at the time that Plaintiff wrote the motion, was on ventilator. Plaintiff would like to be with his family during this difficult time.

As of May 24, 2022, FCI-Gilmer reports that zero inmates and one staff member have active cases of COVID-19.[1] One inmate death has been reported, and 303 inmates and 138 staff have recovered from the virus.[2] Further, FCI-Gilmer's medical isolation rate, vaccination rate, and community transmission rate, are currently at the lowest level of risk.[3]

### 3. LEGAL STANDARD

The Court can modify a term of imprisonment "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or thirty days after the warden at the defendant's facility has received such a request for release, "whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). There must also be "extraordinary and compelling reasons warrant[ing] such a reduction[.]" *Id.* § 3582(c)(1)(A)(i).

While § 3582(c)(1)(A) instructs that a reduction must also be "consistent with applicable policy statements issued by the [United States] Sentencing Commission," this circuit recently held that the relevant policy statement, U.S.S.G. § 1B1.13, is inapplicable to prisoner-initiated motions for compassionate release. *United States v. Gunn*, 980 F.3d 1178, 1180

---

[1] Fed. Bureau of Prisons, *COVID-19 Coronavirus*, https://www.bop.gov/coronavirus/ (last visited May 24, 2022).

[2] *Id.*

[3] *Id.*

(7th Cir. 2020). Therefore, a court has discretion when determining what constitutes an "extraordinary and compelling" reason warranting compassionate release. *Id.* ("[T]he trailing paragraph of § 3582(c)(1)(A) does not curtail a district judge's discretion. Any decision is 'consistent with' a nonexistent policy statement."). A district court may also "make the same determinations that would normally be left to the Director of the Bureau of Prisons [under the catchall provision at U.S.S.G. § 1B1.13 n.1(D)]." *United States v. Brown*, Case No. 01-CR-196-JPS, 2020 WL 4569289, at *4 (E.D. Wis. Aug. 7, 2020). Yet, this Court will evaluate prisoner-initiated motions for compassionate release with due regard for the guidance provided in § 1B1.13 because it "provide[s] a working definition of 'extraordinary and compelling reasons' . . . [which] can guide discretion without being conclusive." *Gunn*, 980 F.3d at 1180; *see also United States v. Mays*, Case No. 1:08-cr-00125-TWP-DML, 2020 WL 7239530, at *3 (S.D. Ind. Dec. 9, 2020) (evaluating compassionate motions brought under the "extraordinary and compelling" prong of § 3582(c)(1)(A) with "due regard" for § 1B1.13).

The commentary to the Sentencing Guidelines explains that "extraordinary and compelling reasons exist" when "[t]he defendant is suffering from a terminal illness, (i.e., a serious and advanced illness with an end of life trajectory)," such as cancer or advanced dementia. U.S.S.G. § 1B1.13 n.1.(A)(i). The commentary also considers a defendant's medical condition to be an extraordinary and compelling reason if:

> [t]he defendant is suffering from a serious physical or mental condition, suffering from a serious functional or cognitive impairment, or experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

*Id.* § 1B1.13 n.1.(A)(ii). The Sentencing Guidelines also explain that "extraordinary and compelling reasons" may arise in the event of "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children," or "[t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." *Id.* § 1B1.13 cmt.1(C).

The Court will also consider whether "the defendant is not a danger" to others or the community, as provided in 18 U.S.C. § 3142(g). *Id.* § 1B1.13(B)(2). Relatedly, prior to modifying a term of imprisonment, the Court must also consider the sentencing factors set forth in 18 U.S.C. § 3553(a), if applicable. 18 U.S.C. § 3582(c)(1)(A). Thus, pursuant to § 3553(a), when determining the sentence to be imposed, the Court shall consider, among other things: the nature and circumstances of the offense; the defendant's history and characteristics; and the need for the sentence to (1) reflect the seriousness of the offense, promote respect for the law, and provide just punishment, (2) afford adequate deterrence, (3) protect the public, and (4) provide the defendant with effective training, care, and/or treatment.

**4.     ANALYSIS**

It does not appear that Plaintiff's mental health conditions put him at a high risk of suffering a poor outcome of COVID-19. Additionally, in the past year, the risk calculus has changed significantly given the introduction of several very effective and increasingly widely available vaccines that inoculate against COVID-19. Importantly, on August 23, 2021, after rigorous and thorough evaluation, the Food and Drug Administration approved the Pfizer-BioNTech COVID-19 vaccine for all individuals aged

16 years and older.[4] Other vaccines, including the Moderna vaccine, have been approved for emergency use since late 2020, with great success.[5]

In the Seventh Circuit, "for most prisoners[,] the availability of vaccines for COVID-19 'makes it impossible to conclude that the risk of COVID-19 is an "extraordinary and compelling" reason for immediate release.'" *United States v. Sullivan*, No. 20-2647, 2021 WL 3578621, at *2 (7th Cir. Aug. 13, 2021) (quoting *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021)); *see also United States v. Burgard*, No. 20-3210, 2021 WL 3781384, at *2 (7th Cir. Aug. 26, 2021); *United States v. Eveland*, No. 20-3449, 2021 WL 3414202, at *1 (7th Cir. Aug. 5, 2021); *United States v. Ugbah*, 4 F.4th 595, 597 (7th Cir. 2021). However, given the emergence of different COVID-19 strains and their varying abilities to evade vaccine-conferred immunity, a court must consider "the applicant's individualized arguments and evidence." *United States v. Rucker*, No. 21-2001, 2022 WL 610625, at *3 (7th Cir. Mar. 2, 2022).

An individualized look at Defendant's case instructs that compassionate release is not appropriate. The Court is sympathetic to the devastating mental toll that Defendant has suffered as he lived through the pandemic incarcerated and away from his family. However, Defendant does not appear to have a severely weakened immune system such that an extraordinary and compelling reason to release him exists.

---

[4] FDA News Release, U.S. Food & Drug Admin., FDA Approves First COVID-19 Vaccine (Aug. 23, 2021), https://www.fda.gov/news-events/press-announcements/fda-approves-first-covid-19-vaccine.

[5] *See* U.S. Food & Drug Admin., Moderna COVID-19 Vaccine (updated Aug. 18, 2021), https://www.fda.gov/emergency-preparedness-and-response/coronavirus-disease-2019-covid-19/moderna-covid-19-vaccine.

As for his family's susceptibility to the virus, Defendant does not allege that the pandemic has made it such that his minor children or spouse are without a caregiver, or that his family is unable to care for themselves without him. As such, the Court cannot grant relief on this basis, either. Additionally, the Court notes that the virus's presence at FCI-Gilmer is presently very low. For all of these reasons, the Court finds that Defendant has not presented an extraordinary and compelling reason warranting release.

**5.    CONCLUSION**

Defendant has not proffered an extraordinary and compelling reason warranting his release. Therefore, the Court will deny Defendant's motion for compassionate release, ECF No. 79.

Accordingly,

**IT IS ORDERED** that Defendant Braulio Rodriguez's motion to appoint counsel and motion for compassionate release, ECF No. 79, be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 24th day of May, 2022.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge